PORTER BRODIE v. THE STATE.

No. 4326.   Decided March 11, 1908.

**Carrying Pistol—Sufficiency of Evidence—Danger of Attack.**

See opinion for evidence with reference to reasonable ground for fearing an unlawful attack upon defendant's person, etc., held to be insufficient, and that the evidence was sufficient to support a conviction for unlawfully carrying a pistol.

Appeal from the County Court of Montague.   Tried below before the Hon. George S. March.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. L. Rudy,* for appellant.—On question of threats and reasonable grounds to fear an unlawful assault on the person of defendant: Lyle v. State, 21 Texas Crim. App., 153; Young v. State, 42 Texas, 462; Short v. State, 25 Texas Crim. App., 379.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for carrying a pistol, and was tried before the court, and the following is all the testimony introduced:

"That the defendant, Porter Brodie, carried a pistol on his person on the 6th day of Sept., 1907, in Montague County, Texas, and that he, the defendant, was not on his own premises under his control at the time of carrying the said pistol.

"That prior to the 6th day of Sept., 1907, and subsequent to the 27th day of March, 1907, on which latter date one Walker Hargrove, a desperate character, had shot at, and wounded two officers in Bowie, Montague County, Texas, it was generally reported that the said Walker Hargrove was coming back to Bowie to kill seven men, citizens of said town, the defendant, Porter Brodie, being included in the number; the rumor or report of this threat was conveyed to the defendant, Porter Brodie, who was warned to be on his guard, and this warning was given to him on the 6th day of September, and soon after the said Hargrove had entered the town of Bowie. The defendant, well knowing the desperate character of the said Hargrove and knowing that he was a man who usually executed his threats, in anticipation of trouble, took his pistol with him from his place of business to the postoffice and had proceeded only a few steps when he met the said Hargrove and a shooting scrape ensued. As the defendant was coming from dinner he met Sebe Burnett who told him that Hargrove was up about his (Hargrove's) place of business, and that he had not best go up there as Brodie's place of business and Hargrove's place were side by side and that he saw some one, whom he took to be Hargrove, up the street, going from him (Brodie) and he (Brodie) went into his barbershop and shaved a man before going to the postoffice.

"The defendant, Brodie, made no effort to have the said Hargrove placed or put under peace bond.

"The said Hargrove had been away from Bowie since the said 27th. day of March all the time except when he came back to attend his mother's burial, and at no time did he appear on the streets of Bowie between said dates until on the said 6th day of Sept., 1907." We do not believe this evidence authorizes an acquittal of the defendant. There are a lot of facts in his motion for a new trial that he says the court judicially knew, which possibly might have changed the result of this decision, but they are not embodied in the statement of facts.

We accordingly hold that the evidence is sufficient, and the judgment is affirmed.        *Affirmed.*